**0.8FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-13394-JGR |
| WESTERN RISE, INC. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | (Subchapter V) |

**THE S GROUP INC.'S LIMITED OBJECTION TO DEBTOR'S
MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

The S Group, Inc. ("TSG"), a secured creditor in this chapter 11 case, by and through its undersigned counsel, hereby files its limited objection to *Debtor's Motion for Authority to Use Cash Collateral* (the "Cash Collateral Motion"), and in support hereof states as follows:

1.      On June 19, 2024 (the "Petition Date"), Western Rise, Inc. ("Debtor") filed its Chapter 11, subchapter V, voluntary petition, starting this case.

2.      Prior to the Petition Date, the Debtor entered into a Product Services Agreement with TSG dated March 30, 2021, and a Promissory Note dated February 16, 2023. The Product Services Agreement provides TSG with a security interest in "all Customer Products purchased hereunder . . . and the proceeds thereof to secure [the Debtor's] payment obligations to [TSG] under this Agreement."

3.      On May 17, 2024, TSG filed a UCC-1 Financing Statement with the Delaware Secretary of State perfecting TSG's lien as described in the Product Services Agreement.

4.      On June 19, 2024, the Debtor filed the Cash Collateral Motion, seeking both interim and final approval of its use of cash collateral. [Doc. 8.]

5.      Specifically, the Debtor noted that creditor GZ Impact Fund I, L.P., d/b/a Greenline Ventures ("Greenline") holds a first priority security interest in substantially all of the Debtor's assets, as reflected in a UCC-1 Financing Statement filed with the Delaware Secretary of State on or about December 2, 2021.

6.      The Budget included with the Cash Collateral Motion included adequate protection payments to Greenline of $11,317.30 per month, which TSG has been informed in the contractual interest payment amount.

7.      On June 27, 2024, this Court entered its entered its *Interim Order Authorizing Use of Cash Collateral* (the "Interim Cash Collateral Order"). [Doc. 33.]

8.      A final hearing on the Cash Collateral Motion is scheduled for July 12, 2024.

9.      TSG has reviewed the UCC-1 Financing Statement filed by Greenline, which reflects a lien on "All assets of the Debtor. The foregoing includes, without limitation, assets in which the Debtor now has or hereafter obtains an interest." TSG has requested, but has not received, a complete copy of the Security Agreement between the Debtor and Greenline. TSG notes that it has provided all relevant commercial documents between the Debtor and TSG to Greenline at Greenline's request.

10.      While TSG does not generally object to the Debtor's use of cash collateral, unless and until TSG has had an opportunity to review the Security Agreement between the Debtor and Greenline, TSG cannot make a determination as to the enforceability of Greenline's purported security interest and, thus, the appropriateness of the proposed adequate protection payments. For example, to the extent the Security Agreement between the Debtor and Greenline likewise contains a "supergeneric" description of collateral, such security interest would be unenforceable. *See* 6 Del. C. § 9-108(c); *see also Naughton v. Harmelech*, 2010 U.S. Dist. LEXIS 99597, at *14 (D.N.J. Sept. 22, 2010) (applying Illinois's adaptation of the Uniform Commercial Code § 9-108, concluding that plaintiff's security interest included the "supergeneric" description such that the plaintiff did not have a security interest in the defendants' personal property); *Angell v. Accugenomics, Inc. (In re Gene Express, Inc.)*, 2013 Bankr. LEXIS 1721, (Bankr. E.D.N.C. Apr. 26, 2013) (applying North Carolina's adaptation of the Uniform Commercial Code § 9-108, holding same); *Sherman v. OTA Franchise Corp. (In re Essential Fin. Educ.)*, 629 B.R. 401, 422 (Bankr. N.D. Tex. 2021) (applying Texas's adaptation of the Uniform Commercial Code § 9-108, holding same and stating "these supergeneric, catch-all descriptions fail as a matter of law.").

11.      Accordingly, TSG objects to the Cash Collateral Motion on a limited basis as described herein.

**WHEREFORE**, in the absence of receipt of the Security Agreement between the Debtor and Greenline, the S. Group, Inc. respectfully objects to Debtors' proposed use of cash collateral and payment of adequate protection to Greenline, and requests that the Court deny the Cash Collateral Motion accordingly, and for such other relief as may be appropriate under the circumstances.

Respectfully submitted this 3rd day of July, 2024.

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

*/s/ Lacey S. Bryan*
Lacey S. Bryan, #51908
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: lbryan@markuswilliams.com

*Attorneys for The S. Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 3, 2024, a true and correct copy of the foregoing **THE S GROUP INC.'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL** was filed and served via CM/ECF pursuant to L.B.R. 9013-1 and 9036-1 as indicated below on the following:

**Via CM/ECF**

Jonathan Dickey jmd@kutnerlaw.com, vlm@kutnerlaw.com

Joli A. Lofstedt
joli@jaltrustee.com, ecf.alert+Lofstedt@titlexi.com,brenda@jaltrustee.com

Paul Moss
Paul.Moss@usdoj.gov

Amalia Y Sax-Bolder
asax-bolder@bhfs.com, aciabattoni@bhfs.com

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

*/s/ Jessica Anderson*
Jessican Anderson, Legal Assistant