**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-13394-JGR |
| WESTERN RISE, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | (Subchapter V) |
| _____ ) | |
| THE S GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Case No. 24-_____-JGR |
| ) | |
| WESTERN RISE, INC. and GZ ) | |
| IMPACT FUND I, L.P., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF INTERESTS IN PROPERTY**

The S Group, Inc. ("TSG" or "Plaintiff"), by and through its undersigned counsel, hereby files this complaint (the "Complaint") for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, Federal Rules of Bankruptcy Procedure 7001(2) and (9). In support thereof, TSG alleges and avers as follows:

**PARTIES**

1. TSG is an Oregon corporation.

2. Defendant Western Rise, Inc. ("Debtor") is the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case, Case Number 24-13394-JGR (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court").

3. Debtor is a Delaware corporation.

{Z0361803/1}  1

4. Defendant GZ Impact Fund I, L.P. ("Greenline") is a Delaware limited partnership.

## NATURE OF THE ACTION

5. TSG commences this adversary proceeding to obtain a declaratory judgment determining the validity, priority, and extent of the interests of the Debtor and Greenline in certain personal property.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

7. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

9. This Court has constitutional authority to enter a final judgment regarding the validity, priority or extent of the interests of the Debtor and Greenline in assets. TSG consents to the entry of final orders and judgments by this Court. If Debtor or Greenline do not consent to entry of final orders and judgments by this Court and the Court determines that it cannot enter a final judgment without the consent of the parties, TSG requests the Court enter proposed findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9033.

## BACKGROUND

10. On June 19, 2024 (the "Petition Date"), the Debtor filed its Chapter 11, subchapter V, voluntary petition.

11. Prior to the Petition Date, the Debtor entered into a Product Services Agreement with TSG dated March 30, 2021. A true and accurate copy of the Product Services Agreement is attached hereto as **Exhibit 1** and incorporated by this reference.

12. Under the Product Services Agreement, among other things, TSG agreed to facilitate the manufacturing of Debtor's products through third party manufacturers.

13. Specifically, TSG would receive purchase orders from the Debtor for requested inventory.

14. Then, TSG would place and pay for orders for such inventory with third party manufacturers.

15. Under the terms of the Product Services Agreement, TSG would then issue invoices in connection with the purchase orders to the Debtor.

16. The invoices issued to the Debtor by TSG were to be paid 30% on placement of the purchase order with TSG, with the remainder to be paid the date the product was shipped from the respective factory.

17. Prior to the Petition Date and consistent with the Product Services Agreement, TSG placed and paid for various purchase orders for the manufacture of certain inventory for the Debtor (the "Held Inventory").

18. TSG issued invoices to the Debtor for the Held Inventory totaling $606,610.97.

19. The Debtor failed to pay any portion of such invoices.

20. TSG is currently in possession of the Held Inventory.

21. The Debtor has never been in possession of the Held Inventory.

22. The Debtor presently does not have funds available to purchase the Held Inventory for the invoiced amount.

23. The Debtor presently does not have sufficient financing available to purchase the Held Inventory for the invoiced amount.

24. Greenline holds a properly perfected first priority security interest in substantially all of the Debtor's assets, as reflected in a UCC-1 Financing Statement filed with the Delaware Secretary of State on or about December 2, 2021.

### COUNT I
### Request for Declaratory Relief Regarding the Extent, Validity, and Priority of Interests in the Held Inventory
### (Against the Debtor)

25. TSG repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Insofar as the Debtor has not paid for and has never been in possession nor is now in possession of the Held Inventory, the Debtor has no legal or equitable interest in the Held Inventory or any proceeds thereof.

27. Because of the foregoing, the Held Inventory or any proceeds thereof is not property of the bankruptcy estate.

28. Accordingly, TSG requests the Court declare the Debtor has no legal or equitable rights in the Held Inventory or any proceeds thereof, and that the Held Inventory or any proceeds thereof is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

### COUNT II
### Request for Declaratory Relief Regarding the Extent, Validity, and Priority of Interests in the Held Inventory
### (Against Greenline)

29. TSG repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 28.

30. Based on the foregoing, because the Debtor has no legal or equitable interest in the Held Inventory or any proceeds thereof, Greenline's security interest does not attach to the Held Inventory or any proceeds thereof.

31. Accordingly, TSG requests the Court declare Greenline does not have a valid lien against or other interest in the Held Inventory or any proceeds thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff the S Group, Inc. respectfully requests that the Court:

A. Enter an Order and decree finding the Debtor has no legal or equitable rights in the Held Inventory or any proceeds thereof, and that the Held Inventory or any proceeds thereof is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541;

B. Enter an Order and decree finding Greenline does not have a valid lien against or other interest in the Held Inventory or any proceeds thereof; and

C. Granting such other and further relief as the Court deems just and proper.

Dated this 20th day of August, 2024.

        **MARKUS WILLIAMS YOUNG & HUNSICKER LLC**

        By: /s/ *Lacey S. Bryan*
        Bradley T. Hunsicker #43141
        Lacey Bryan #51908
        1775 Sherman Street, Suite 1950
        Denver, Colorado 80203-4505
        Telephone (303) 830-0800
        Facsimile (303) 830-0809
        bhunsicker@markuswilliams.com
        lbryan@markuswilliams.com

        *Counsel for The S Group, Inc.*