UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
) Case No. 24-13394-JGR
Western Rise, Inc. )
) Chapter 11, Subchapter V
)
            Debtors. )

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
PLAN OF REORGANIZATION DATED SEPTEMBER 17, 2024**

The United States Trustee for Region 19 (the "UST"), by and through his undersigned counsel, hereby objects to confirmation of Debtor's Plan of Reorganization Dated September 17, 2024 for Small Business Under Chapter 11, Subchapter V (the "Plan") [at Docket No. 89]. The UST states and alleges as follows:

1. Western Rise, Inc. (the "Debtor") filed its voluntary petition under Subchapter V of Chapter 11 to commence the above-captioned case on June 19, 2024 (the "Petition Date").

2. The UST appointed Joli A. Lofstedt as the Subchapter V Trustee in this case on June 20, 2024.

3. The meeting of creditors under 11 U.S.C. § 341 was held on July 17, 2024

4. The Plan was filed by Debtor on September 17, 2024.  October 25, 2024, is the last day for filing and serving written objections to confirmation of the Plan pursuant to the Court's Order date September 20, 2024 [at Docket No. 90].  This objection is timely filed.

5. The UST has standing to bring this matter before the Court pursuant to 11 U.S.C. §§ 307 and 28 U.S.C. § 586(a)(3), and objects to the Plan under § 1191 for the following reasons.

6. Generally, the Plan is currently unconfirmable because it hinges on Debtor receiving debtor-in-possession (DIP) financing in the amount of $350,000 prior to confirmation, which Debtor has not yet sought approval of, nor received.

**Objection to Plan**

I. **Debtor's Plan is Currently Not Feasible.**

7. The Plan prematurely states it is feasible (*See* Plan page 10), but Debtor has not yet filed a motion for approval of DIP financing nor received the funds sought of $350,000.  Debtor's Plan requires the DIP financing to secure inventory for future sales, which appears necessary for Debtor's successful reorganization.  The Plan projections may need revision based upon the final terms of the DIP financing, once approved.  Accordingly, based on available information, it does not appear that Debtor is able to meet its burden to prove that confirmation is not likely to be

followed by liquidation or the need for further financial reorganization. *See* 11 U.S.C. § 1129(a)(11).

## II. Reservation of Rights.

8. Upon Debtor's filing of an amended plan, the UST reserves all his rights to review, comment, and object based upon revised or new information contained therein.

WHEREFORE, the UST hereby files his objection to the Plan for the reasons discussed above and requests such other and further relief as the Court deems appropriate.

Dated: October 24, 2024

GREGORY M. GARVIN
ACTING UNITED STATES TRUSTEE

*/s/ Paul Moss*
By: Paul Moss, #26903
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7995 telephone
Paul.Moss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify on October 24, 2024, that a copy of **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION DATED SEPTEMBER 17, 2024** was served on the following parties (and any party who requested electronic notice in the above-captioned case) in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

*VIA CM/ECF:*

Jonathan Dickey
Joli A. Lofstedt
Amalia Y Sax-Bolder
Bradley T. Hunsicker
Lacey S. Bryan
David Law

*/s/ Paul Moss*
Office of the U.S. Trustee