**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-13394-JGR |
| WESTERN RISE, INC. ) | |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | |

**ORDER AUTHORIZING DEBTORS TO INCUR POST-PETITION FINANCING AND APPROVING DEBTOR-IN-POSSESSION CREDIT AND SECURITY AGREEMENT**

THIS MATTER having come before the Court on the Debtor's Motion to Approve Post-Petition Financing and Approving Debtor-in-Possession Credit and Security Agreement (the "Motion")[1], due and proper notice having been provided, no objections having been received, cause being shown to the Court in the Motion for the granting of the requested relief, the Court does hereby

FIND

A. The Debtor filed its voluntary petition for relief pursuant to Chapter 11, Subchapter V on June 19, 2024.

B. The Court has jurisdiction over the Chapter 11 Case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Debtor is a Delaware corporation with its principal place of business located in Telluride, Colorado. It is a performance travel apparel company, designing and selling versatile clothing using performance fabrics that can transition across activities.

D. The Debtor contracts with a third-party to manufacture its designs. As a result, the Debtor is required to pay for its inventory in advance and then make back those outlays by sales over time.

E. The Debtor needs an infusion of capital to refresh its inventory. As such, the Debtor seeks authority to enter into a post-petition loan agreement (the "Loan") with GZ Impact Fund I, L.P., d/b/a Greenline Ventures ("Lender") in the principal amount of $350,000.00 (the "Loan Amount") on a secured, super-priority, basis in accordance with the Loan Documents attached

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Motion. As used herein "Loan Documents" refers collectively to the Debtor-in-Possession Credit and Security Agreement, Warrant and Board Observer Agreement substantially in the forms attached as Exhibit A to the Motion.

hereto as Exhibit A. This financing is critical to its reorganization efforts. Without the proposed financing, the Debtor will not have the funds necessary to continue operations and propose a viable plan of reorganization to the benefit of all of the Debtor's stakeholders.

F.  The Loan and other financial accommodations by the Lender will benefit the Debtors, their creditors and their estates. The Lender is willing to make such Loan pursuant to section 364(c) of the Bankruptcy Code, as more particularly described herein and in the Loan Documents. Among other things, entry of this Order will: (a) minimize disruption of the Debtor's business; (b) preserve and maintain the assets of their estates; (c) increase the possibility of a successful conclusion of the case; and (d) avoid immediate and irreparable harm to, and is in the best interests of, the Debtor, its creditors and their estates.

G.  Prior to entering into the agreement with Lender, the Debtor tried to obtain financing from other parties, but was unable to obtain financing on better terms than those provided by Lender. The Debtor has been unable to procure financing other than the proposed financing by the Lender from any alternative prospective lender or group of lenders on more favorable terms and conditions than those for which approval is sought herein. The interest rate under the Loan Documents is within the range of market rates for entities having a credit profile similar to the Debtor and is fair and reasonable given the risks associated with the Debtor's chapter 11 case, including that there is no additional collateral to pledge to a new lender because Lender has a first priority lien on the Debtor's assets. The Loan Documents reflect the proper exercise of sound business judgment by the Debtors.

H.  The Loan Documents contemplate the Debtor using the proceeds from the post-petition loan for (a) working capital and other general corporate purposes; (b) adequate protection payments in accordance with any order approving the Loan Documents; (c) payment of professional fees to the extent approved by the Bankruptcy Court; (d) fees and expenses payable in connection with the agreement; and (e) interest or any other amounts payable in connection with the Loan Documents.

I.  Lender in currently the first and primary secured lender against substantially all of the assets of the Debtor. Notwithstanding that fact, pursuant to the Loan Documents, in consideration for the Loan Amount, the Debtor has agreed to pledge, assign and grant to Lender a super-priority lien and security interest in the Collateral, as that term is defined in the Loan

Documents. For the absence of doubt, the Loan Documents definition of Collateral extends to substantially all of the assets of the Debtor.

J. As a result of the above, the Debtor has demonstrated that proposed finding is an exercise of sound and reasonable business judgment; (b) no alternative financing is available on any other basis; (c) the financing is in the best interest of the estate and its creditors; and (d) no better offers, bids, or timely proposals are before the court.

K. The terms of the Loan Documents between the Debtor and Lender have been negotiated in good faith and at arms' length within the meaning of section 364(e) of the Bankruptcy Code, are in the best interests of the Debtor, its creditors and the estate, are fair and equitable under the circumstances, and are enforceable pursuant to their terms. The terms of the proposed financing are (a) fair and reasonable; (b) reflect prudent exercise of business judgment consistent with the Debtors' fiduciary duties; (c) constitute reasonably equivalent value and fair consideration; and (d) are essential and appropriate for the continued operation and management of the Debtor's business and the preservation of their assets and properties. Accordingly, the Lender should be entitled to the benefits of, the provisions of section 364(e) of the Bankruptcy Code.

L. Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes and contains legal conclusions.

M. Good cause has been shown for waiver of the stay under Rule 6004(h). Specifically, the Debtor has shown that it needs immediate access to the funding described herein in order to purchase new inventory.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is hereby granted and approved in all respects;

2. The Loan Documents attached to the Motion as Exhibit A are hereby approved, and the Debtor is authorized to execute the Loan Documents and such further documentation as may be deemed reasonably necessary to evidence and secure the subject loan;

3. The Debtor is authorized to deliver, perform and comply with the terms of the Loan Documents;

4. The terms and conditions of the Loan Document are ratified and approved, and, together with this Order, shall be sufficient and conclusive evidence of the post petition borrowing arrangements between the Debtor and the Lender and of the terms and conditions of the Loan

Documents, for all purposes;

5. The Debtor is authorized to borrow up to $350,000 pursuant to the Motion with super priority secured status pursuant to 11 U.S.C. § 364(d), with such liens attaching to substantially all of the Debtor's assets. All liens granted under the Loan Documents and this Order shall be automatically perfected upon entry of this Order as security for the Loans, effective and perfected upon the date of this Order, and without the necessity of the execution, recordation of filings by the Debtor or any other party of mortgages, security agreements, control agreements, pledge agreements, financing statements, or other similar documents, or the possession or control by Lender, and with no further action required from the Lender. Notwithstanding any provision to the contrary, the Lender is authorized to take such action and file such documents as may be necessary to perfect and maintain perfection of its interest;

6. Pursuant to Bankruptcy Code Sections 364(c)(1) and 503(b), the Court authorizes and approves granting to the Lender super-priority claims against the Debtor and its assets, with priority over any and all administrative expenses of the kind that are specified in or ordered pursuant to Bankruptcy Code Sections 105, 328, 330, 331, 364(c)(1), 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 1113, 1114, or any other provisions of the Bankruptcy Code;

7. The stay under Rule 6004(h) is hereby waived and this Order is valid and effective immediately.

8. This Court has and will retain jurisdiction to enforce this Order according to its terms.

DONE and entered this __10th__ day of December, 2024 at Denver, Colorado.

_____
Honorable Joseph G. Rosania, Jr.
United States Bankruptcy Judge